1

2                    IN THE UNITED STATES DISTRICT COURT

3                    FOR THE EASTERN DISTRICT OF CALIFORNIA

4

5

6   JOSEPH W. CRAWFORD,

7               Plaintiff,                CV F 03 6615 LJO WMW P

8               vs.                              ORDER DISMISSING
                                         COMPLAINT
9                                               WITH LEAVE TO AMEND

10

11  C/O FOUCH,

12              Defendant.

13

14

15              Plaintiff is a state prisoner proceeding pro se.  Plaintiff seeks relief pursuant to 42

16  U.S.C. § 1983. This proceeding was referred to this court by Local Rule 72-302 pursuant to 28

17  U.S.C. § 636(b)(1).

18              This action proceeds on the original complaint.  Plaintiff, an inmate in the custody

19  of the California Department of Corrections at the R.J. Donovan Correctional Facility, brings

20  this civil rights action against Defendant Correctional Officer Fouch, an employee of the

21  California Department of Corrections and Rehabilitation at the Substance Abuse Treatment

22  Facility at Corcoran.   Plaintiff's sole allegation in this complaint is that C/O Fouch "Beat the

23  hell out of me."

24              The statute under which this action proceeds plainly requires that there be an

25  actual connection or link between the actions of the defendants and the deprivation alleged to

26  have been suffered by plaintiff.  See Monell v. Department of Social Services, 436 U.S. 658

1

1   (1978); <u>Rizzo v. Goode</u>, 423 U.S. 362 (1976).  The Ninth Circuit has held that "[a] person

2   'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983,

3   if he does an affirmative act, participates in another's affirmative acts or omits to perform an act

4   which he is legally required to do that causes the deprivation of which the complaint is made."

5   <u>Johnson v. Duffy</u>, 588 F.2d 740, 743 (9th Cir. 1978).

6          The Eighth Amendment provides that "[e]xcessive bail shall not be

7   required, nor excessive fines imposed, nor cruel and unusual punishments inflicted."  The

8   proscription applies to the states through the Due Process Clause of the Fourteenth Amendment.

9   <u>Robinson v. California</u>, 370 U.S. 660 (1962).  Prison brutality is part of the total punishment to

10  which the individual is being subjected for his crime and, as such, is a proper subject for Eighth

11  Amendment scrutiny.  <u>Ingraham v. Wright</u>, 430 U.S. 651, 669, (1977).  The Eighth Amendment

12  is specifically concerned with the unnecessary and wanton infliction of pain in penal institutions

13  and serves as the primary source of substantive protection to convicted prisoners in cases where

14  the deliberate use of force is challenged as excessive and unjustified.  <u>Whitley v. Albers</u>, 475

15  U.S. 312, 327,(1986); <u>see</u> <u>also</u> <u>Graham v. Connor</u>, 490 U.S.386, 392 n.10 (1989).

16      To constitute the "unnecessary and wanton infliction of pain" in the prison context, the

17  United States Supreme Court requires that both the objective and subjective component of the

18  Eighth Amendment be satisfied.  <u>Wilson v. Seiter</u>, 501 U.S. 294 (1991).  First, the deprivation

19  complained of must be sufficiently serious by objective standards.  <u>Id.</u> 501 U.S. at 297.  A

20  deprivation is sufficiently serious if it denies "'the minimal civilized measure of life's

21  necessities.'"  <u>Id.</u> (quoting <u>Rhodes v. Chapman</u>, 452 U.S. 337, 347 (1981) (violation requires

22  showing of unnecessary and wanton infliction of pain resulting in a physical injury which is of

23  such base, inhumane and barbaric proportions as to shock the sensibilities)).  <u>See</u> <u>Hudson v.</u>

24  <u>McMillian</u>, 503 U.S.1,(1992) (objective prong not met where injury is <u>de</u> <u>minimus</u>); <u>but</u> <u>see</u>,

25  <u>Jordan v. Gardner</u>, 986 F.2d 1521 (9th Cir. 1993) (<u>Hudson</u> substantial injury requirement met by

26

                                         2

1 psychological harm alone, such that body searches of female inmates by male guards constitutes

2 cruel and unusual punishment).

3       Second, the prison officials responsible for the deprivation must act with a sufficiently

4 culpable state of mind by subjective standards.  Id.  To be sufficiently culpable, "the offending

5 conduct must be wanton."  Wilson, 501 U.S. at 299.  In situations where officials are not acting

6 under pressure, "deliberate indifference" constitutes wantonness.  Id. at 299-300.  Where a

7 prison security measure is undertaken to resolve a disturbance, the question of whether the

8 measure taken inflicted unnecessary and wanton pain and suffering in violation of the Eighth

9 Amendment turns on whether force was applied in a good faith effort to maintain or restore

10 discipline, or maliciously and sadistically for the purpose of causing harm.  Whitley v. Albers,

11 475 U.S. 312, 320-21 (1986).

12       The court finds the allegations in plaintiff's complaint vague and conclusory.

13 Specifically, Plaintiff has not charged C/O Fouch with specific conduct that states a claim for

14 excessive force, as that term is defined above.  The court has determined that the complaint does

15 not contain a short and plain statement as required by Fed. R. Civ. P. 8(a)(2).  Although the

16 Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the

17 elements of the claim plainly and succinctly.  Jones v. Community Redev. Agency, 733 F.2d

18 646, 649 (9th Cir. 1984).  Plaintiff must allege with at least some degree of particularity overt

19 acts which defendants engaged in that support plaintiff's claim.  Id.  Because plaintiff has failed

20 to comply with the requirements of Fed. R. Civ. P. 8(a)(2), the complaint must be dismissed.

21 The court will, however, grant leave to file an amended complaint.

22       If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the

23 conditions complained of have resulted in a deprivation of plaintiff's constitutional rights.  See

24 Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  Also, the complaint must allege in specific terms

25 how each named defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless

26

there is some affirmative link or connection between a defendant's actions and the claimed

deprivation.  Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir.

1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in

order to make plaintiff's amended complaint complete.  Local Rule 15-220 requires that an

amended complaint be complete in itself without reference to any prior pleading.  This is

because, as a  general rule, an amended complaint supersedes the original complaint.  See Loux

v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original

pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an

original complaint, each claim and the involvement of each defendant must be sufficiently

alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1.  Plaintiff's complaint is dismissed; and

2.  Plaintiff is granted thirty days from the date of service of this order to file a

first amended complaint that complies with the requirements of the Civil Rights Act, the Federal

Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the

docket number assigned this case and must be labeled "First Amended Complaint."  Failure to

file an amended complaint in accordance with this order will result in a recommendation that this

action be dismissed.

IT IS SO ORDERED.

**Dated:   August 17, 2007**              _____**/s/  William M. Wunderlich**_____
                                         UNITED STATES MAGISTRATE JUDGE